IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA KULKIN, <br>        Plaintiff, <br><br>        v <br><br> SCI MERCER DEPARTMENT OF CORRECTIONS, <br>        Defendant. | 2:14-cv-1323 |

## MEMORANDUM ORDER

Now pending before the Court is DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) (ECF No. 11), filed by the Pennsylvania Department of Corrections ("Pennsylvania DOC").[1] Defendant does not seek to dismiss the Complaint in full. Rather, the relief sought is limited to Counts IV, V and VI of the Amended Complaint.

Factual and Procedural Background

Plaintiff Amanda Kulkin worked as a Corrections Officer at SCI-Mercer from 2006-2012. She asserts claims of employment discrimination under Title VII and the Americans With Disabilities Act ("ADA"). Kulkin filed her original Complaint on September 26, 2014. Defendant filed a motion to dismiss the original complaint, with a brief in support. Instead of responding to the motion, on February 5, 2015 Kulkin filed an Amended Complaint. The Court

---

[1] Plaintiff has continued to refer to Defendant as "SCI Mercer Department of Corrections," but has not disputed that Defendant is actually an arm of the Commonwealth of Pennsylvania. Indeed, Plaintiff avers in ¶ 9 of the Second Amended Complaint that "Defendant is a state correctional Institution."

denied Defendant's motion to dismiss the original Complaint as moot. Defendant then renewed its challenges to the legal merit of Kulkin's claims by filing the instant motion to dismiss the Amended Complaint. Kulkin was ordered to respond to the instant motion by March 23, 2015. She did not do so. Instead, on March 23rd she filed a purported Second Amended Complaint.

Pursuant to Fed. R. Civ. P. 15, a plaintiff is permitted to amend a complaint "as a matter of course" just once. In this case, Kulkin has already used her amendment "as a matter of course." By rule, a plaintiff is prohibited from evading a defendant's arguments for dismissal by submitting serial amended Complaints. Instead, she may amend her pleading more than once "only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Ordinarily, having failed to satisfy Rule 15(a)(2), Kulkin's Second Amended Complaint would be stricken as improperly filed. However, upon review and comparison of Plaintiff's various pleadings, the Court will grant leave to file the Second Amended Complaint *sua sponte* and retroactively. The Court notes that the purported Second Amended Complaint is quite similar to the First Amended Complaint. The allegations in Counts IV and V are identical in each document and Kulkin has now abandoned the FMLA claim which was previously asserted in Count VI of the Amended Complaint. The Second Amended Complaint contains only one new allegation of fact – that her reassignment from her position as Yard Officer to less-desirable jobs was not necessary based on her disability. The Court will accept the Second Amended Complaint as the operative pleading, although it will not require Defendant to renew its motion to dismiss. *See* Fed. R. Civ. P. 1. Plaintiff has had ample notice of the arguments made by Defendant and has had a full opportunity to respond to them and/or to amend her complaint. No further amendments will be permitted except upon good cause shown.

Legal Analysis

In Count IV of the Second Amended Complaint, Kulkin asserts a claim for Harassment Based on Disability pursuant to the ADA, 42 U.S.C. § 12101 et seq. In Count V, she asserts a claim for Retaliation pursuant to the ADA, 42 U.S.C. § 12101. As noted above, Kulkin has abandoned her FMLA claim. The Court turns now to the validity of the ADA claims in Counts IV and V, which remain in dispute between the parties.

Pennsylvania DOC contends that it is entitled to immunity from Kulkin's ADA claims pursuant to the Eleventh Amendment of the United States Constitution.[2] Defendant reasons as follows: (1) the Department of Corrections is an arm of the Commonwealth of Pennsylvania. *See Steele v. Pennsylvania*, 2009 WL 614800 at *8 (W.D. Pa. 2009); (2) Pennsylvania has not waived its right to immunity, nor consented to be sued. *See Chittister v. Department of Community and Economic Devp.*, 226 F.3d 223, 226-227 (3d Cir. 2000); and (3) Congress has not abrogated states' Eleventh Amendment immunity in Title I of the ADA. Thus, Defendant argues that it is immune from claims for monetary damages. In addition, Defendant argues that equitable relief may only be obtained against individual employees and officers, not an arm of the state itself.

As noted above, Kulkin has made no effort to respond to these arguments. Counts IV and V of the Second Amended Complaint merely reiterate the exact same factual allegations; the exact same legal theories; against the same Defendant, as set forth in the First Amended Complaint.

The Court agrees with Pennsylvania DOC that Kulkin's ADA claims must be dismissed. The Supreme Court held that Congress did not effectively abrogate states' immunity in Title I of

---

[2] Defendant further contends that Count V (which it misinterprets as duplicative of the Title VII retaliation claim set forth in Count III) fails to state a valid claim, because there is no causal connection between the alleged adverse employment action and the alleged protected activity. The Court need not reach this argument.

3

the ADA. As the Third Circuit explained in *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 238-39 (3d Cir. 2005):

> Because Benn's action invokes Title I of the ADA, his claim is governed by *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). Even when Congress' intent to abrogate the States' Eleventh Amendment immunity is beyond dispute, as the Supreme Court conceded it was in Title I of the ADA, the Supreme Court may hold, as it did in *Garrett, id*. at 363, 121 S.Ct. 955, that Congress did not act pursuant to a valid grant of constitutional authority. It follows that Pennsylvania, if sued under Title I, retains its Eleventh Amendment immunity.

It is clear that Kulkin's claims for harassment and retaliation fall under Title I of the ADA because they arise out of her employment. It is well-established that a state employee, such as Kulkin, cannot bring employment discrimination claims under Title II of the ADA "because this would provide an end-run around the state's immunity to suit under Title I and contradict the plain language in both Title I and Title II." *Brooks v. Delaware, Dep't of Health & Soc. Servs.*, 2012 WL 1134481 at *4 (D. Del. Mar. 30, 2012) (citations omitted). Thus, Pennsylvania DOC is entitled to immunity from Kulkin's claims for damages in Counts IV and V.

Kulkin also makes a vague claim in the Second Amended Complaint for unspecified equitable relief. Even construed broadly, this request would not save her ADA claims. Pennsylvania DOC – the only named Defendant -- is also immune from injunctive relief under the ADA claims set forth in Counts IV and V. A state (or an arm of a state) "cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985). As the Third Circuit explained in *Koslow v. Pennsylvania*, 302 F.3d 161, 177 n. 20 (3d Cir.2002), prospective injunctive relief may be obtained only through a "legal fiction" created by *Ex parte Young*, 209 U.S. 123 (1908), by which a plaintiff must bring an official capacity action against state officials, rather than against a state directly. *See generally*

*McSherry v. Dep't of Labor & Indus.*, 2006 WL 463157 at *7 (M.D. Pa. Feb. 23, 2006) (rejecting similar ADA claims by a former state employee).

In accordance with the foregoing, DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) (ECF No. 11) is **GRANTED** and Counts IV and V of the Second Amended Complaint are hereby **DISMISSED WITH PREJUDICE**. Defendant shall file an Answer to Counts I-III of the Second Amended Complaint on or before April 13, 2015.

SO ORDERED this 27th day of March, 2015.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Elizabeth Pollock-Avery, Esquire**
Email: elizabeth@lawkm.com

**Sandra A. Kozlowski**
Email: skozlowski@attorneygeneral.gov